## NORTHERN COMMERCIAL CO. v. UNITED AIRMOTIVE.

### No. A–6401.

United States District Court Territory of Alaska. Third Division.

Dec. 12, 1951.

Edward V. Davis (of Davis & Renfrew), Anchorage, Alaska, for plaintiff.

Wendell P. Kay (of Kay & Robison), Anchorage, Alaska, for defendant.

DIMOND, District Judge.

The plaintiff has sued for balance in sum of $1,920.54 with interest at 6% per annum due on purchase price of an airplane sold under conditional contract of sale dated May 22, 1948.

The defendant asserts that after the conditional contract of sale was executed and delivered, the plaintiff orally promised to keep the airplane covered by insurance until such time as defendant was able to procure insurance thereon. The testimony of defendant's witness, Paul Charles Kroenung, on the subject, as shown by the Court Reporter's record, is as follows:

· "Direct Examination of Paul Charles Kroenung

"By Mr. Kay:

"Q. Would you tell the Court, sir, in your own words, what the gist of the conversation between yourself and Mr. Wright was concerning insurance? A. I explained to Mr. Wright we weren't able to get insurance immediately and since we would like to fly the airplane, we would like very much if he could keep the aircraft insured until such time as our policy came through from London, or approval came from London, and then they could cancel their insurance and ours would be in effect without any lapse of time.

"Q. What, if anything, did Mr. Wright say in that regard? A. He consented to do that.

"Q. He agreed to keep the aircraft insured? A. Yes, sir.

\* \* \* \* \* \*

"Cross-Examination.

"By Mr. Davis:

"Q. Your conversation with Mr. Wright, as I get it, was to the effect that you were unable to secure insurance, and wouldn't

170

he please continue the Northern Commercial Company's insurance on those planes until you could get insurance? A. Yes, sir.

"Q. And was that to go on indefinitely, then, until you got around to getting insurance? A. No, sir.

"Q. Was any time limit put on that statement? A. No, sir, there wasn't.

"Q. And you say he agreed to that proposition? A. Yes, sir.

\*     \*     \*     \*     \*     \*

"Rebuttal Testimony

"By Mr. Kay:

"Q. Are you certain the conversation did take place that you testified to, during that period? A. Yes; it was very important to us."

By crash landing, the plane was so severly damaged on May 28, 1948, that it was never repaired. Some parts were salvaged. At that time defendant carried no insurance. The plaintiff's insurance company disclaimed liability and neither the defendant nor plaintiff's insurance company has paid to plaintiff the balance due on purchase price, or any portion thereof.

Plaintiff urges that both by pleading and proof there was no consideration for the subsequent oral promise by plaintiff to carry insurance and, therefore, the promise was and is void and no defense to the action. It is not claimed by defendant that anything of value was given or promised as consideration for the oral agreement by defendant to carry insurance.

■ The fact that an agreement to rescind or modify a prior written contract is oral does not render it inoperative except to the extent that the Statute of Frauds requires. This is true even though the contract being modified contains a provision that it may be altered in writing only. Restatement, Contracts, Sec. 407; 6 Williston on Contracts page 5178, Sec. 1828. The agreement to rescind or modify the original contract must have sufficient consideration to support it, as in the case of any contract. 6 Williston pages 5170, 5173, Sec. 1826; page 5178, Sec. 1828.

■ It is true that a party is sometimes bound to a promise made by him, even though there were no consideration at the time of making, if the other party relied on such promise and acted accordingly. 1 Corbin on Contracts, Chap. 8, p. 631 et seq., Secs. 193 to 196, inclusive; Restatement, Contracts, Sec. 90; Taber Lumber Co. v. O'Neal, 8 Cir., 1908, 160 F. 596, 598, 599.

■ The proof shows that the defendant could, in all probability, have obtained insurance within three, or at most four, days after the signing of the contract on May 22, 1948, and in any event before the crash on May 28. Reliance on the plaintiff's promise to maintain the insurance until the defendant could obtain his own coverage implies that the defendant would use due diligence in obtaining such insurance. Since defendant did not even make an earnest attempt to obtain insurance before the accident, it may be said that he hoped to have a "free ride" at plaintiff's expense with respect to insurance, in violation of his implied promise.

I find that the oral promise was made. The positive testimony by witness for defendant outweighs inability to recall the incident by witness for the plaintiff. Despite that finding on the subject, for the reasons stated the plaintiff is entitled to recover.

Plaintiff may have judgment in accordance with the prayer of his complaint, with costs and disbursements including an attorney's fee of $400.00.