**BANK OF FAIRBANKS, a corporation, Appellant,**

v.

**A. L. KAYE, Jean Kaye and Josephine Boussard, Appellees.**

No. 14653.

United States Court of Appeals Ninth Circuit.

Nov. 23, 1955.

Maurice T. Johnson, William V. Boggess, Fairbanks, Alaska, for appellant.

George B. McNabb, Jr., Julien A. Hurley, R. J. McNealy, Everett W. Hepp, Fairbanks, Alaska, for appellees.

Before DENMAN, Chief Judge, and BONE and POPE, Circuit Judges.

DENMAN, Chief Judge.

The Bank of Fairbanks, hereafter the Bank, appeals from a judgment of the District Court for refusing to foreclose a mortgage of certain lands given by Mr. and Mrs. Kaye to secure promissory notes given by them to the Bank. The District Court held that the Bank had waived its right to declare the notes in default, by a novation agreement whereby the Kayes note indebtedness was transferred to and assumed by one Boussard and that the Bank was estopped from foreclosing the mortgage. The Bank contends the Court erred in finding such waiver and novation or that it was estopped to foreclose the mortgage as against the Kayes.

Mr. and Mrs. Kaye were obligated to the Bank on several overdue notes secured by a mortgage on the real property in question. Through one Dworkin they sought to sell the property to pay the notes. Dworkin negotiated with Boussard, a prospective buyer of the property. Dworkin then contacted Bailey, the vice-president of the Bank, and explained the terms of the proposed agreement to him. Bailey said that they would not be acceptable to the Bank. Dworkin called Bailey later, and Dworkin testified that "he told me, well, it looks like these notes have defaulted, I think we will go along with you, provided you designate the Bank of Fairbanks as the escrow agent and number two, that the payments be made directly to the Bank for the amount equivalent of the unpaid indebtedness." After the papers were executed between the Kayes and Boussard, Dworkin took them to the Bank where they were examined by Bailey and placed in escrow. The Bank accepted $11,459.-87 in payments from Boussard under the escrow agreement before they brought this action to foreclose on the mortgage. There had been no default in the payments by Boussard under that agreement.

The trial court's refusal to foreclose the mortgages under these circumstances was proper under the rule of promissory estoppel.[1] As stated in Restatement of Contracts, Section 90:

> "A promise which the promisor should reasonably expect to induce action or forbearance of a definite and substantial character on the part of the promisee and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise."

In light of Bailey's statements and actions it would have been reasonable to conclude that the Bank had agreed at least not to foreclose as long as regular payments were made by Boussard under the escrow agreement. Boussard relying on this promise made payments to the Bank of $11,459.87. The Kayes relying on this promise made no payments of their own to lessen the amount of interest which was accruing and made no effort to find another purchaser who could pay quickly enough to satisfy the Bank. The Bank, through Wilson, its vice-president, had reason to know that there would be such reliance. The Bank avoided foreclosure proceedings and received

1. See, e. g., In re Campbell, 9 Cir., 1939, 105 F.2d 197, 200; Zarati S.S. Co. v. Park Bridge Corp., 2 Cir., 1946, 154 F.2d 377, 380; Edmonds v. Los Angeles County, 1953, 40 Cal.2d 642, 653, 255 P.2d 772, 779; Wade v. Markwell & Co., 2d Dist. 1953, 118 Cal.App.2d 410, 419–420, 258 P.2d 497, 502, 37 A.L.R.2d 1363. Dictum, Northern Commercial Co. v. United Airmotive, D.C.Alaska 1951, 101 F.Supp. 169, 170.

the right of a third party beneficiary to regular payments from Boussard who, Wilson testified, was an excellent credit risk. In the terms of Restatement of Contracts, Section 90: "[I]njustice can be avoided only by enforcement of the promise."

■■ The District Court found that the Bank had "waived" its right to foreclose the mortgage and had entered into a "novation" accepting Boussard as its debtor in place of the Kayes. The Bank contends that these conclusions of law are not justified by the evidence. A novation is defined by the Restatement of Contracts in Section 428 as follows:

> "Where a third person contracts with a debtor to assume, as an immediate substitution for the debtor's duty, a duty to the creditor to render either the performance for which the debtor was previously bound, or some other performance, *and the creditor agrees either with the debtor or with the third person to such substitution,* there is a novation that discharges the original debtor and subjects the third person to a duty to the creditor." [Emphasis added.]

The actions of Bailey in stating that the Bank would "go along" with the transaction are not sufficient from which to imply that the Bank was agreeing to the substitution of Boussard for the Kayes and giving up its mortgage on the property. The Kayes and Boussard should not reasonably have assumed that a bank would give up its security interest in property worth approximately $31,000 for an unsecured promise to pay in small installments. Undoubtedly the Bank led the Kayes and Boussard to believe that the mortgage would not be foreclosed as long as Boussard complied with the escrow agreement, but Vice-President Bailey's conduct does not warrant the assumption that the Bank would give up either its security interest or the liability of the Kayes.

The judgment is affirmed.